This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PAUL MARTINEZ,**

Petitioner-Appellant,

v.                                                                     **NO.  32,089**

**LYNN ELLINS, as County Clerk**
**of Doña Ana County, and THE**
**HONORABLE SUSANA MARTINEZ,**
**Governor of the State of New Mexico,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Paul A. Martinez
Las Cruces, NM

Pro Se Appellant

Lynn J. Ellins
Doña Ana County Clerk
Las Cruces, NM

for Appellees

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Petitioner appeals an order dismissing his emergency petition for an injunction and a writ of mandamus. In our notice of proposed summary disposition, we proposed to affirm. Petitioner has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Petitioner's arguments, we affirm.

Petitioner contends that the district court should have required Lynn Ellins to place him on the ballot because the Legislature did not intend for NMSA 1978, Section 35-2-1 (1979) to apply to Doña Ana County. In our notice of proposed summary disposition, we proposed to hold that the district court did not err. We pointed out that the plain language of Section 35-2-1 provides that in magistrate districts with a population over 200,000 in the last federal decennial census, a candidate for magistrate judge must be a member of the bar and licensed to practice law in this state. We also stated that, even if the Legislature intended to raise the population threshold to 250,000, the governor properly vetoed the amendment pursuant to Article IV, Section 22 of the New Mexico Constitution by failing to sign the legislation. We explained that *State ex rel. Stewart v. Martinez*, 2011-NMSC-045, ___ N.M. ___, 270 P.3d 96, does not support the proposition that the governor cannot thwart the intent of the Legislature. Clearly, the governor is entitled to thwart the

intent of the Legislature in some circumstances by vetoing legislation. *Stewart* is inapplicable here because it stands for the proposition that the governor generally can only partially veto an appropriations bill and that, in order to properly exercise her partial veto power, her partial veto must eliminate the whole of an item or part and otherwise leave intact the legislative intent regarding the remaining provisions in the bill. 2011-NMSC-045, ¶¶ 12-15. As this case involves neither an appropriations bill nor a partial veto, *Stewart* is not on point.

In Petitioner's memorandum in opposition, he provides no new facts, arguments, or authority that would persuade this Court that reversal is warranted. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Therefore, for the reasons stated in this Opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**J. MILES HANISEE, Judge**